

STILLMAN LEGAL, P.C
www.FightForUrRights.com
42 BROADWAY, 12TH FLOOR, NEW YORK NY 10004

**VIA ECF**
Honorable Hector Gonzalez
United States District Court
Eastern District of New York

   **Re:**  **Espinal v. 1701 Albemarle Owners Corp.**
      **22-cv-05518-HG**

Dear Judge Gonzalez:

  This firm represents Esteban Espinal in the above-referenced matter. Plaintiff writes jointly with Defendant 1701 Albemarle Owners Corp. to request Court approval of their Settlement Agreement and General Release (the "Agreement"), annexed hereto as Exhibit A, pursuant to *Cheeks v. Freeport Pancake House*, Inc., 796 F.3d 199 (2d Cir. 2015).

  The letter will provide support for the fair and reasonable settlement sum of $6,000 and will provide the Court with the requested information regarding the attorneys' fees so that the Court can determine whether the requested attorney fee award of $2,570 is also fair and reasonable.

  This Agreement represents a good faith effort between experienced labor and employment counsel to negotiate an action under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), resulting in a settlement that provides Plaintiff with a satisfactory recovery of his damages under applicable law. The Parties have determined that their interests are best served by compromise, settlement, and dismissal of these claims with prejudice, in exchange for consideration as set forth in the Agreement. Thus, the settlement satisfactorily resolves the Parties' *bona fide* dispute.

  The Agreement is the result of arms-length bargaining between the Parties and reflects a desire to settle and compromise all their claims asserted in this case, as outlined more specifically in the attached Agreement fully and finally.

  For these reasons and based on the reasons set forth below, the Parties jointly and respectfully request that that Court enter an Order approving the Agreement as fair and reasonable.

## I.  Plaintiff's Allegations and Defendant's Responses

On September 15, 2022, Plaintiff, represented by counsel, commenced a wage and hour lawsuit against Defendant (the "Complaint").  The Complaint alleges that Defendants violated the FLSA and NYLL.  Specifically, Plaintiff alleges that Defendant paid him below minimum wage during 2019 and 2020.  Specifically, Plaintiff alleges that he was paid $14.49 instead of $15.00, which was the applicable minimum wage in New York City.  In addition, Plaintiff claims that Defendant failed to pay him on a timely basis or compensate him for spread of hours in accordance with the NYLL.

Defendant's Position:  Defendant disputes the allegations asserted by Plaintiff.  First, it is Defendant's position that Plaintiff is incapable of prevailing on his minimum wage claims because he was paid the applicable minimum wage at all relevant times.  Additionally, it is Defendant's position that Plaintiff grossly exaggerates the scope of her claims.  In fact, Defendant maintains that the employment records that it maintains, including payroll records, supports its position.

In sum, there is a bona fide dispute between the Parties regarding the merits of Plaintiff's wage and hour claims.  The instant settlement constitutes the Parties' effort to resolve same in an amicable fashion through arm's length bargaining and make Plaintiff whole.

## II.  The Settlement is Fair and Reasonable

The Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.*, 2015 WL 4664283 (2d Cir. 2015) provides that stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the Department of Labor.  An FLSA settlement should receive judicial approval where it is "fair and reasonable."  *See Wolinsky v. Scholastic, Inc.* 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).  Generally, there is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the Parties to determine the reasonableness of an FLSA settlement."  *Crabtree v. Volkert, Inc.*, No. 11–0529–WS–B, 2013 WL 593500, at *3 (S.D. Ala. Feb. 14, 2013).  Moreover, "[c]ourts approve FLSA settlements when they are reached as a result of contested litigation to resolve *bona fide* disputes."  *In re Penthouse Executive Club Compensation Litig.*, No. 10-cv-1145, 2014 U.S. Dist. LEXIS 5864, at *22 (S.D.N.Y. Jan. 14, 2014) (noting that the inherent adversarial nature of a litigated FLSA case is adequate indicator of fairness of settlement).  In considering whether a settlement is fair and reasonable, the principal question is "whether the agreement reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'"  *Le v. SITA Info. Networking Computing USA, Inc.*, No. 07-CV-86, 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008) (*quoting Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Labor, Employment Standards Admin., Wage & Hour Div.,* 679 F.2d 1350, 1354 (11th Cir. 1982)).

The Agreement in this matter is a fair and reasonable resolution of the bona fide disputes between the Parties. This is because the Agreement: (1) enables the Parties to avoid the possible substantial burdens and expenses of establishing their respective claims and defenses and accounts for the risks in proceeding with the litigation; and (2) is the product of arm's length bargaining between experienced labor and employment counsel which was devoid of any semblance of fraud or collusion. *See gen. Wolinsky*, 900 F. Supp. 2d at 335. Accordingly, it is respectfully requested that the Agreement be approved in its entirety.

*The Risk and Expenses Faced by the Parties*

Both Parties in this matter faced substantial risk in moving forward in this litigation. In the event that a trier of fact determined that Plaintiff was paid in a timely manner, paid in accordance with the minimum wage law and was properly compensated for all spread of hours, if any, worked, Plaintiff's wage and hour claims would be in serious jeopardy. In addition, Plaintiff faced the prospect of waiting many months, if not years, for the matter to proceed through trial. At this stage of the proceedings, Plaintiff is obtaining a full recovery without having to go through the time-consuming and risky process of litigating his claims.

Conversely, while Defendant was confident that they would be able to challenge Plaintiff's claims, it was also mindful of the risk that Plaintiff may have prevailed on some claims, and that even if Defendant was successful, it would have only occurred after a protracted litigation and at a significant cost. The litigation costs and risk of liability for Defendant, even if such risk is remote, weighed in favor of early resolution. Accordingly, both Parties faced substantial risks in proceeding with the litigation, which weighs in favor of approval of the Agreement.

*The Agreement was the Product of Arm's-Length Bargaining Devoid of Fraud or Collusion*

This Agreement was the product of legitimate bargaining between experienced labor and employment counsel devoid of any resemblance of fraud or collusion. Plaintiff's counsel zealously advocated on behalf of her client from the inception of this matter through negotiating the amount of the settlement to memorializing the terms of same. Similarly, Defendant's counsel worked to ensure that Defendant reached a settlement where Plaintiff was not receiving any more than he may be entitled to in the event he was successful at trial while taking into account the expensive cost of a lengthy trial.

The Agreement constitutes an effort by experienced labor and employment counsel for both Parties to resolve the dispute under the best possible circumstances for their respective client. Accordingly, the Agreement should be approved by the Court.

### III. Plaintiff's Application for Attorney's Fees Should be Approved

Given Plaintiffs' counsel's significant experience representing plaintiffs in New York in wage and hour litigation, the Plaintiffs' counsel obtained an excellent result with relatively small

expenses. A brief biography of the attorney who performed billed work in this matter is as follows:

    a.  Lina Stillman has been practicing law since 2012. From 2012-to 2015, she was an associate at two (2) law firms where she practiced exclusively in the areas of Labor and Employment with an emphasis on wage and hour litigation.
She opened her law firm in response to the immigrant community's need for Spanish and Portuguese-speaking attorneys to care for their interests exclusively. Miss Stillman speaks fluent Spanish, Italian and Portuguese and is able to translate and communicate to all her clients without the need of a translator.
She is an active member of the LGBT Rights Committee of the New York City Bar Association and active Pro Bono Counsel at the Associations Bankruptcy Clinic, and the New York Chapter of the National Employment Lawyers Association.

## **Conclusion**

For all of the reasons above, the Parties request that the Court approve the Agreement and enter the proposed Stipulation and Order of Dismissal that is being submitted simultaneously herewith, which expressly provides that the Court will retain jurisdiction over this matter solely for purposes of enforcing the Agreement. Counsel represented the Plaintiff throughout this lawsuit, and the Plaintiff's counsel has agreed to the settlement amount based on the approval of her client. The Plaintiffs' interests have thus been adequately safeguarded. In full consideration of all the issues, we believe that the Parties' agreement is fair and reasonable, and that the settlement should be approved.

Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The Parties thank the Court for its attention to this matter.

Respectfully submitted,

/s/Lina Stillman

cc:    All counsel (*via* ECF)