UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ESTEBAN ESPINAL,

                Plaintiff,

v.

1701 ALBEMARLE OWNERS CORP.,

                Defendant.

**ORDER**
22-CV-05518 (HG)

**HECTOR GONZALEZ**, United States District Judge:

    Plaintiff has asserted claims against Defendant for unpaid minimum wages in violation of the Fair Labor Standards Act ("FLSA") and for unpaid minimum wages and spread of hours pay under the New York Labor Law ("NYLL"). ECF No. 1 ¶¶ 61–83. Plaintiff has also alleged that Defendants violated the NYLL by failing to provide a wage notice at the time Plaintiff was hired and by failing to pay wages with the frequency required by the NYLL. *Id.* ¶¶ 69–83. The parties have submitted a proposed settlement of Plaintiff's individual claims for the Court's review and approval pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). See ECF No. 18. The parties have not sought to certify a class or collective action with respect to any of Defendant's other non-party employees.

    In *Cheeks*, the Second Circuit held that "Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [U.S. Department of Labor] to take effect." *Cheeks*, 796 F.3d at 206; *see also Samake v. Thunder Lube, Inc.*, 24 F.4th 804, 810–11 (2d Cir. 2022) (holding that, in FLSA cases, district courts must

also review unilateral notices of dismissal by a plaintiff pursuant to Rule 41(a)(1)(A)(i)).[1]

"When presented with a settlement for approval, a district court's options are to (1) accept the proposed settlement; (2) reject the proposed settlement and delay proceedings to see if a different settlement can be achieved; or (3) proceed with litigation." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 606 (2d Cir. 2020).  In other words, "[i]f a district court concludes pursuant to *Cheeks* that a proposed settlement is unreasonable in whole or in part, the court cannot simply rewrite the agreement—it must reject the agreement or give the parties an opportunity to revise it." *Id.* at 605.

Although the Second Circuit has not established an exhaustive list of factors that district courts should consider when reviewing FLSA settlements, it has identified the following factors as ones that district courts "typically" use:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Id.* at 600.  With respect to attorneys' fees, the fees collected by the plaintiff's attorneys need not be calculated as a percentage of the overall settlement, and in the event that they are calculated as a percentage, they need not be limited to 33% of the settlement.  *Id.* at 602–03 (vacating district court order that limited the attorneys' fees collected by plaintiff's counsel to 33% of the settlement).  This is because the attorneys' fees provision of the FLSA was designed to "encourage members of the bar to provide legal services to those whose wage claims might otherwise be too small to justify the retention of able, legal counsel." *Id.* at 603.

---

[1]  Unless noted, case law quotations in this order accept all alterations and omit internal quotation marks, citations, and footnotes.

The Court finds that the parties' proposed settlement is fair and reasonable according to *Cheeks* and its progeny. Plaintiff will personally recover $3,430, *see* ECF No. 18-1 at 3, which is greater than the $2,121.60 of unpaid wages that Defendant allegedly owes, *see* ECF No. 18-5. This settlement amount reasonably discounts for the possibility that Plaintiff might have been unable to prove: (i) the full amount of these wages; (ii) that Plaintiff was entitled to liquidated damages for the full amount of these wages; or (iii) that Plaintiff was entitled to statutory damages for the wage notice and frequency-of-pay claims. Although the additional $2,570 of fees and costs that will be paid to Plaintiff's attorneys are nearly 75% of Plaintiff's personal recovery, this is exactly the type of low-value case that the Second Circuit has explained would merit such an award. *See Fisher*, 948 F.3d at 602–03.

The Court finds that the remaining terms of the agreement, other than those involving monetary payments, are also reasonable. The release that Plaintiff is giving to Defendant is not overly broad because it is limited to wage and hour claims. ECF No. 18-1 at 1–2. The full settlement has been publicly filed, and it contains no confidentiality provisions, non-disparagement clauses, or provisions limiting Plaintiff's ability to work in the future. *See* ECF No. 18-1.

## **CONCLUSION**

For the reasons set forth above, the Court GRANTS the parties' joint motion to approve the parties' proposed settlement, as required by *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). *See* ECF No. 18. The parties will file a stipulation of dismissal of

Plaintiff's claims according to the deadline specified in their settlement agreement. *See* ECF No. 18-1 at 1–2.

       SO ORDERED.

                                           */s/ Hector Gonzalez*
                                           HECTOR GONZALEZ
                                           United States District Judge

Dated: Brooklyn, New York
        February 5, 2023